**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

TD Bank, NA, successor by merger with Carolina First Bank, Respondent,

v.

David H. Jacobs, Appellant.


TD Bank, NA, successor by merger with Carolina First Bank, Respondent,

v.

David H. Jacobs and James A. McFarland, Defendants,

Of Whom David H. Jacobs is the Appellant.

Appellate Case No. 2015-000730

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2017-UP-300
Heard May 11, 2017 – Filed July 19, 2017

**AFFIRMED**

Charles E. Carpenter, Jr., of Carpenter Appeals & Trial

Support, LLC, of Columbia; and Gerald D. Jowers, of Columbia, for Appellant David H. Jacobs.

John T. Moore, Paul Thomas Collins, Jody Alan Bedenbaugh, and Allen Mattison Bogan, all of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

---

**PER CURIAM:**  David H. Jacobs appeals the denial of his motion for a new trial, arguing the trial court erred in (1) excluding evidence about the Troubled Asset Relief Program (TARP) and the government bailout, (2) excluding documentary evidence and witness testimony about the sale of the "Heron Lakes I" note, and (3) effectively overruling decisions made by another judge during summary judgment. We affirm pursuant to Rule 220(b), SCACR.

1.  We find the trial court did not abuse its discretion when it excluded the TARP and government bailout evidence because there is no relevant link between the proffered testimony and the issue of whether Jacobs was legally responsible for paying his guaranty obligations. *See Fields v. J. Haynes Waters Builders, Inc.*, 376 S.C. 545, 567, 658 S.E.2d 80, 92 (2008) ("The admission or exclusion of evidence is left to the sound discretion of the trial court, and the court's decision will not be reversed absent an abuse of discretion."). Even if the testimony was relevant, its probative value was substantially outweighed by the danger of unfair prejudice. *See* Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Cheeseboro*, 346 S.C. 526, 547, 552 S.E.2d 300, 311 (2001) ("Evidence is unfairly prejudicial if it has an undue tendency to suggest a decision on an improper basis, such as an emotional one.").

2.  We also find the trial court did not abuse its discretion when it excluded evidence regarding Bank's decision to sell the note related to the Heron Lakes I loan because it was irrelevant and would likely confuse the jury regarding Bank's obligations to Jacobs.  Jacobs argued the evidence showed the disparate treatment he received from Bank and how they proceeded in bad faith against him. However, the evidence only showed Bank chose to sell the Heron Lakes I note at a discounted price for business reasons.  Further, that sale had nothing to do with the guaranties at issue in this case.  Finally, Jacobs presented no evidence supporting

his allegation of a personal relationship between a Bank officer and the guarantor involved in the Heron Lakes I transaction. Accordingly, the Heron Lakes I evidence does not make any matter at issue more or less probable. *See Judy v. Judy*, 384 S.C. 634, 641, 682 S.E.2d 836, 839 (Ct. App. 2009) ("Evidence meets the test of relevance if it tends to establish or to make more or less probable some matter in issue upon which it directly or indirectly bears.").

3. As to whether the trial court erred in effectively overruling issues previously decided by another judge during the summary judgment phase, we note Bank's motions for summary judgment did not specifically request exclusion of the TARP and Heron Lakes I evidence. Likewise, the order denying summary judgment did not include specific rulings concerning these issues. Accordingly, we find the trial court did not violate Rule 43(l), SCRCP, and this is not a situation where one judge has overruled another. *See* Rule 43(l), SCRCP ("If any motion be made to any judge and be denied, in whole or in part, or be granted conditionally, no subsequent motion upon the same state of facts shall be made to any other judge in that action."); *Salmonsen v. CGD, Inc.*, 377 S.C. 442, 454, 661 S.E.2d 81, 88 (2008) (acknowledging the rule that one circuit judge may not overrule a prior decision or set aside the order of another circuit judge).

**AFFIRMED.**

**GEATHERS, MCDONALD, and HILL, JJ., concur.**